HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FONTAINE PORTER,<br><br>           Plaintiff,<br><br>   v.<br><br>RICHARD A PORTER,<br><br>           Defendant. | CASE NO. C17-5852RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Porter's application to proceed in forma pauperis, supported by her proposed complaint. She sues her father to have him arrested and to obtain the identity of someone who "used some kind of discovery method" on her, possibly at her father's behest. She also claim she invented "cloud" computing, but the import of that is not clear.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in*

1 | *forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

2 | is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.

3 | 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint

4 | is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778

5 | F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

6 | A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

7 | must nevertheless contain factual assertions sufficient to support a facially plausible claim for

8 | relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

9 | *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A

10 | claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

11 | court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12 | *Iqbal*, 556 U.S. at 678.

13 | Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint

14 | in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995

15 | (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo

16 | review, that the complaint could not be saved by any amendment.")

17 | Porter's complaint does not approach meeting this standard. She has not identified any

18 | basis for this Court's jurisdiction over the subject matter. She has not identified any duty or

19 | contract or statute or right or anything else that anyone has violated, or how, or when or why,

20 | and she has not stated a plausible claim in any way.

21 | The motion to proceed *in forma pauperis* [Dkt. #1] is DENIED. Porter shall pay the filing

22 | fee or file a proposed amended complaint addressing these deficiencies and satisfying the

23 | standard above within 21 days or this matter will be DISMISSED.

24 |

IT IS SO ORDERED.

Dated this 30th day of October, 2017.

Ronald B. Leighton
United States District Judge